# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION

**SHON O'NEIL WILLIAMS**                                                      **PLAINTIFF**

**v.**                                              **CIVIL ACTION NO. 5:18-cv-P169-TBR**

**TONYA RAY et al.**                                                          **DEFENDANTS**

## MEMORANDUM OPINION

Plaintiff Shon O'Neil Williams filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, the action will be dismissed.

## I. SUMMARY OF CLAIMS

Plaintiff is a prisoner at the McCracken County Regional Jail (MCRJ). He names as Defendants in their individual and official capacities MCRJ Jailer Tonya Ray and Captain Steven Carter. He also names as Defendants MCRJ food service provider Summit Foods as well as the MCRJ.

Plaintiff alleges that upon his arrival at MCRJ he let Defendants know that he is allergic to turkey and chicken based products. He states that he was put on a vegetarian diet. He states, "I am not a vegetarian and have sent numerous complaints in the proper chain of command and have been reassured by empty promises that the problem would be resolved." He further asserts that it is cruel and unusual punishment to force him to "eat beans for my main course everyday for my entire incarceration while the rest of the inmate population eats a balanced four food group meal." He asserts that he should be given pork or beef to accommodate his needs.

As relief, Plaintiff asks for monetary damages and to be released from confinement.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The constitutional prohibition against cruel and unusual punishment found in the Eighth Amendment to the Constitution "does not mandate comfortable prisons, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (internal quotation marks and citations omitted). With regard to food, the Eighth Amendment only requires that prisoners must receive adequate nutrition to maintain normal health; the food need not be tasty or aesthetically pleasing. *See Cunningham v. Jones*, 567 F.2d 653, 659-60 (6th Cir. 1977). "If the prisoner's diet . . . is sufficient to sustain the prisoner in good health, no

constitutional right has been violated." *Alexander v. Carrick*, 31 F. App'x 176, 179 (6th Cir. 2002).

Here, Plaintiff does not allege facts suggesting that he has suffered any harm resulting from being limited to a vegetarian diet, and he fails to state a claim under the Eighth Amendment. *See Richmond v. Settles*, 450 F. App'x 448, 456 (6th Cir. 2011) (affirming dismissal of claim based on inadequate nutrition where the plaintiff failed to allege that his health suffered as a result of the alleged deprivation of meals). Moreover, Plaintiff's desire to have beef and pork instead of beans to provide protein does not state a constitutional violation. S*ee Hudson v. Caruso*, 748 F. Supp. 2d 721, 730 (W.D. Mich. 2010) ("While plaintiffs may want to have halal meat entrees rather than vegetarian entrees and non-meat substitutes, their food preferences, as prisoners, are limited."). Plaintiff has failed to state a claim upon which relief may be granted.

### III. CONCLUSION

For the foregoing reasons, by separate Order, the Court will dismiss the instant action.

Date: February 25, 2019

cc: Plaintiff, *pro se*
　　Defendants
　　McCracken County Attorney
4413.009

**Thomas B. Russell, Senior Judge**
**United States District Court**